IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| COBBLER NEVADA, LLC<br><br>　　　Plaintiff,<br><br>　　　-against-<br><br>DOES 1-25,<br><br>　　　Defendant. | Case No.: 15-cv-7536<br><br>**<u>NOTICE OF MOTION TO QUASH THE SUBPOENA SERVED TO COMCAST FOR IP ADDRESS 71.239.101.2:54393</u>** |

To:
Hughes Socol Piers Resnick
70 West Madison Street Suite 4000
Chicago, IL 60602

PLEASE TAKE NOTICE that on the 15th day of December, 2015 at 9:30 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Matthew F. Kennelly., or any judge sitting in his stead, in Courtroom 2103 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, and then and there present Defendant DOE #2 with IP Address 71.239.101.2:54393's Motion to Quash the Subpoena served upon Comcast.

　　　　　　　　　　　　　　　　　　　Respectfully submitted,

Dated: December 11, 2014　　　　　　RUBENSTEIN BUSINESS LAW
　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　30 S. Wacker Drive, 22nd Flr
　　　　　　　　　　　　　　　　　　　Chicago, IL 60606
　　　　　　　　　　　　　　　　　　　Phone: 312-466-5612

             Fax: 312-466-5601
             DRubenstein@RubensteinBusinessLaw.com

             By: s/ *David Rubenstein*


## CERTIFICATE OF SERVICE

   I hereby certify that on December 4, 2015, I caused a copy of Defendant's Motion to be electronically filed with the Clerk of the Court using the CM/ECF system, which will be served upon the following CM/ECF participants:

Hughes Socol Piers Resnick
70 West Madison Street Suite 4000
Chicago, IL 60602


             Respectfully submitted,

Dated: December 11, 2014     RUBENSTEIN BUSINESS LAW
             Attorneys for Defendant
             30 S. Wacker Drive, 22nd Flr
             Chicago, IL 60606
             Phone: 312-466-5612
             Fax: 312-466-5601
             DRubenstein@RubensteinBusinessLaw.com

             By: s/ *David Rubenstein*


## MOTION TO QUASH SUBPOENA

   COMES NOW Defendant Doe #2 with IP Address 71.239.101.2:54393, by and through undersigned counsel, and files this Motion for Protective Order and to Quash the

Subpoena to Comcast for the personal information of the user of that IP Address 71.239.101.2:54393, and states as follows:

1. Plaintiff Cobbler Nevada, LLC has filed a 1-Count Complaint against 25 un-named individuals based on hearsay and conjecture. The Complaint alleges that these 25 un-named individuals engaged in copyright infringement of the film, The Cobbler, by "using an online media distribution system to reproduce and to distribute to the public" this motion picture. See Exhibit A, Plaintiff's Complaint, Paragraph 14.

2. Plaintiff has randomly and arbitrarily chosen 25 IP Addresses and is alleging that infringing activity has occurred. Yet, nowhere in the Complaint does Plaintiff provide any evidence to even suggest that this course of conduct took place. Instead, all Plaintiff provides is an unverified excel sheet of IP addresses without any offering as to how these IP addresses were collected or ascertained.

3. Even Plaintiff admits that it has no good faith basis to bring this Complaint as 5 of its 18 paragraphs are based on "information and belief." This means that nearly 1/3 of Plaintiff's Complaint is a complete guess.

4. Furthermore, the Complaint seeks to tag the Defendant solely based on an IP Address. However, an IP address is not equivalent to a person or entity. It is not a fingerprint or DNA evidence. Indeed, far from it.

5. In a remarkably similar case in which an adult entertainment content producer also sought expedited discovery to learn the identity of persons associated

      with IP addresses, United States District Judge Harold Baker of the Central District of Illinois denied a motion for expedited discovery and reconsideration, holding that, **IP subscribers are not necessarily copyright infringers. The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.** Order of Apr. 29, 2011, VPR Internationale v. DOES 1-1017, No. 2:11-cv-02068 (Central District of Illinois) (Judge Harold A. Baker) [hereinafter VPR Internationale Order], attached hereto as Exhibit B.

6. The point so aptly made by Judge Baker is that there may or may not be a correlation between the individual subscriber, the IP address, and the infringing activity. Id. The risk of false identification by ISPs based on internet protocol addresses is vividly illustrated by Judge Baker when he describes a raid by federal agents on a home allegedly linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP (in the same fashion as Plaintiff seeks to extract such information from DOE #2.) After the raid revealed no pornography on the family computers, federal agents eventually learned they raided the wrong home. The downloads of pornographic material were traced to a neighbor who had used multiple IP subscribers Wi-Fi connections. Id. This risk of false identification and false accusations through disclosure of identities of internet subscribers is also presented here.

7. Given the nature of the allegations and the material in question, should this Court force Comcast to turn over the requested information, DOE No. 2 would suffer a reputational injury.

8. Plaintiff's Complaint is nothing more than a fishing expedition to try to send a message to a global online community about internet piracy by extorting 25 private individuals and seeking to obtain confidential information about them. Such information is completely improper under the law and must be quashed.

9. If the mere act of having an internet address can link a subscriber to copyright infringement suits, internet subscribers such as DOE No. 2 will face untold reputational injury, harassment, and embarrassment. The reputational risk that Judge Baker found to be an undue burden is equally presented here: "[W]hether you're guilty or not, you look like a suspect." Id. at 3.

10. Moreover, this case presents the same extortion risk that so concerned Judge Baker: Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove its case. Id.

11. Discovery is not a game. Yet, plaintiffs in these types of cases use discovery to extort settlements from anonymous defendants who wish to avoid the embarrassment of being publicly associated with this type of allegation. Id. Such abuse of the discovery process cannot be allowed to continue.

12. Since an IP address does not identify the user, the subpoena itself is invalid. Implicit in the rule granting subpoena power is a requirement that the

subpoena seeks relevant information. See Syposs v. United States, 181 F.R.D. 224, 226 (W.D.N.Y. 1998)(the reach of a subpoena issued pursuant to [FED. R. CIV. P. 45] is subject to the general relevancy standard applicable to discovery under [FED. R. CIV. P. 26(b)(1)].). The information linked to an IP address cannot give you the identity of the infringer. VPR Internationale Order, at 2.

13. Because the infringer could have been anybody with a laptop passing within range of the router, the information sought by Plaintiff is not relevant to the allegations in any way. Id.

14. Moreover, even if the information has some small amount of relevance to the claim which it does not, discovery requests cannot be granted if the quantum of relevance is outweighed by the quantum of burden to the defendant. FED. R. CIV. P. 26(b)(2)(C)(iii).

15. Plaintiff's request fails that balancing test. Given that DOE No. 2 was only one of many persons who could have used the IP address in question, the quantum of relevance is miniscule at best. However, as discussed above, the burden to DOE No. 2 is severe. The lack of relevance on the one hand, measured against the severe burden of risking a significant reputational injury on the other, means that this subpoena fails the Rule 26 balancing test. Id.

16. Plaintiff's request for information is an unjustified fishing expedition that will cause reputational injury, prejudice, and undue burden to DOE No. 605 if allowed to proceed. Good cause exists to quash the subpoena served on

Comcast to compel the disclosure of the name, address, telephone number and e-mail address of DOE No. 2.

WHEREFORE, Defendant prays that a protective order be entered as to the Subpoenas Duces Tecum issued to Comcast for DOE #2 be quashed.

      Respectfully submitted,

**RUBENSTEIN BUSINESS LAW**
Attorneys for Defendant
30 S. Wacker Drive, 22nd Flr
Chicago, IL 60606
Phone: 312-466-5612
Fax: 312-466-5601
DRubenstein@RubensteinBusinessLaw.com

By: _s/ David Rubenstein_