**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| COBBLER NEVADA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15-cv-7536 |
| | ) | |
| v. | ) | Judge Matthew F. Kennelly |
| | ) | |
| DOES 1-25, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF COBBLER NEVADA, LLC'S RESPONSE TO
DEFENDANT DOE #2'S MOTION TO QUASH SUBPOENA**

Plaintiff Cobbler Nevada, LLC, by and through its undersigned counsel, in response to the Motion to Quash Subpoena filed by Defendant Doe No. 2 (IP Address 71.239.101.2) (herein, "Defendant"), states as follows:

## INTRODUCTION

Plaintiff respectfully requests this Court to deny Defendant Doe No. 2's Motion to Quash Subpoena ("Motion") [Dkt. No. 13]. This case involves a copyright owner's efforts to protect its mainstream, copyrighted movie, *The Cobbler*, from numerous unknown individuals who illegally copied and distributed the work, through the Internet, by participating in a BitTorrent swarm, using IP addresses located in this District. Plaintiff has been harmed as a result of the Doe Defendants' copyright infringement and has no viable option other than to file suit to prevent further theft of its movie.

Defendant's Motion essentially requests this Court to vacate the Court's Order of September 29, 2015 [Dkt. No. 10] granting Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference ("Plaintiff's Discovery Motion") [Dkt. No. 7]. However, Defendant provides no proper or reasonable basis for quashing the subpoena, arguing instead that the

subpoena should be quashed because: (1) an IP address allegedly does not identify a particular infringer; and (2) compliance would allegedly constitute an undue burden upon Defendant because his confidential identity will be revealed. For the following reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion.

## ARGUMENT

Federal Rule of Civil Procedure 45 requires a court to quash or modify a subpoena if it: (1) fails to allow a reasonable time for compliance; (2) "requires a person who is neither a party nor a party's officer to travel more than 100 miles;" (3) "requires disclosure of privileged or other protected matter, if no exception or waiver applies;" or (4) "subjects a person to undue burden." Fed R. Civ. P. 45(c)(3)(A). A party moving to quash bears the burden of demonstrating that the subpoena falls within one of these categories. In this case though, the subpoena does not fall within *any* of the above categories. Further, Defendant neither cites to Rule 45 nor attempts to explain why the subpoena here falls into any of the categories cited above except to argue, in a general sense, that it will cause "undue burden to Doe No. 605 [sic]." Motion, pg. 6. For the reasons below, such an argument is baseless.

### A. Plaintiff's Subpoena Seeks Discoverable Information.

The bulk of Defendant's Motion argues that the subpoena should be quashed because, Defendant contends, an IP address does not identify a particular infringer. Defendant's Motion to Quash Subpoena ("Motion"), pgs. 3-6. Thus, Defendant argues, Plaintiff's subpoena to Comcast should be quashed because Plaintiff cannot show that the holder of the IP Address at issue is the same person who infringed Plaintiff's copyrighted work. *Id*. It is well-settled, however, that "a general denial of liability is not relevant as to the validity or enforceability of a subpoena but rather should be presented and contested once parties are brought properly into the suit." *First Time*

2

*Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 250 (N.D. Ill. 2011) (Castillo, J.) (citations omitted).

Defendant's arguments, if accepted, would contravene Federal Rule of Civil Procedure 26(b)(1), which allows discovery of all information "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (also providing, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including . . . the identity and location of persons who know of any discoverable matter). It is axiomatic that Plaintiff must discover the identity of the registered user of the infringing IP address to enforce its copyright.[1]

In fact, Defendant's arguments have repeatedly been rejected by courts including this Court and others within the District. *See Malibu Media, LLC v. John Doe*, No. 13-C-8484, 2014 WL 1228383, at *3 (N.D. Ill. March 24, 2014) (Ellis, J.) (attached hereto as Exhibit 3) ("[E]ven if the person associated with Doe's IP address did not download the files at issue in this suit, obtaining the person's information is the logical first step in identifying the correct party.") (*citing TCYK, LLC v. Does 1-44*, Case No. 13–cv–3825, 2014 WL 656786, *4 (N.D. Ill. February 20, 2014)); *reFX Audio Software, Inc. v. Does 1-111*, No. 13-C-1795, 2013 WL 3867656, at *2 (N.D. Ill. July 23, 2013) (Gettleman, J.) (attached hereto as Exhibit 4) ("[The] argument that the subpoena should

---

[1] Even accepting *arguendo* that Defendant was not responsible for the infringement at issue herein, discovery of the identity of the user of the infringing IP address is reasonably calculated to lead to the discovery of a host of information permitted by Rule 26, such as the identity of the infringer or information that could lead to the infringer, circumstances regarding the infringement, and facts relevant to damages. *See* Fed. R. Civ. P. 26(b)(1); *Raw Films, Ltd. v. John Does 1-15*, CIV.A. 11-7248, 2012 WL 1019067, at *7 (E.D. Penn. Mar. 26, 2012) (recognizing third party rather than subscriber may have committed infringement and noting subpoena would "give rise to a reasonable likelihood that information facilitating service upon proper defendants will be disclosed")(attached hereto as Exhibit 1). Without the identity of the IP user, Plaintiff could not obtain any of this information. *See Malibu Media, LLC v. John Does 1-49*, No. 12-CV-6676, 2013 WL 4501443, at *2 (N.D. Ill. 2013) (recognizing that without connecting the infringing IP address to a person a copyright holder would have no way of prosecuting infringement)(attached hereto as Exhibit 2); *see also* Plaintiff's Discovery Memorandum [Dkt. No. 8] at 8-9 (demonstrating no alternative means exist to obtain Defendants' identities and discovery is needed to advance Plaintiff's claims).

be quashed because the information sought will not itself identify the actual infringer demonstrates a lack of understanding of the basic scope of discovery under the federal rules."); *The Thompsons Film, LLC v. Does 1-60*, No. 13-C-02368, 2013 WL 4805021, at *3 (N.D. Ill. September 6, 2013) (Gottschall, J.) (attached hereto as Exhibit 5) ("Insofar as IP address holders may contend that they were not the infringing parties, such arguments go to the merits of the action and are 'not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit.'") (*citing Hard Drive Prods. v. Does 1-48*, No. 11-C-9062, 2012 WL 2196038, at *4 (N.D. Ill. June 14, 2012)); *Malibu Media,* 2013 WL 4501443, at *2 (Dow, J.) ("It is not a wild assumption on Plaintiff's part that the subscriber may be the alleged infringer or may lead to the alleged infringer. Without connecting the IP address to a person, Plaintiff would have no way of prosecuting infringement of its claimed copyright."). Accordingly, Plaintiff's subpoena is necessary to prosecute Plaintiff's copyright infringement action.

### B.  Defendant Lacks Standing to Quash on the Basis of Undue Burden

Defendant's claim that being implicated in this copyright infringement action constitutes an undue burden [Motion, pg. 6] is unreasonable. Here, there is no ground for Defendant to assert undue burden, or any burden, where Defendant is a third party and not the direct recipient of the subpoena. This is because Defendant is not the party who must comply. See, e.g., *Purzel Video GmbH v. Does 1-108*, No. 13-cv-0792, 2013 WL 6797364, at *3 (N.D. Ill. December 19, 2013) (Gottschall, J.) (attached hereto as Exhibit 6); *Malibu Media, LLC v. Reynolds*, No. 13-c-6672, 2013 WL 870618, at *6 (N.D. Ill. March 20, 2013) (Kendall, J.) (attached hereto as Exhibit 7). The subpoena at issue instead is directed to Comcast, which has not objected. The subpoena seeks only the names and addresses of the Doe Defendant, (and not, as asserted by Defendant

4

[Motion, pg. 7], phone numbers or email addresses).  The same is true for all subpoenas seeking Doe Defendant information issued by the undersigned attorneys in similar copyright infringement actions in this District.

**C.    Defendant has No Privacy Interest that Would Justify Quashing the Subpoena.**

Defendant further argues that the subpoena at issue seeks the production of "confidential information" about the Defendant Does.  Motion, pg. 5.  Plaintiff, however, seeks no confidential information about Defendant. Defendant has no privilege in keeping his name and address confidential from Plaintiff when he voluntarily provided that same information to Comcast to establish an account.  Internet subscribers do not have a protected right to privacy with respect to subscriber information.  *See First Time Videos*, 276 F.R.D. at 247 (citing *Achte/Neunte Boll Kino Beteilgungs Gmbh & Co. v. Does 1-4*,577, 736 F. Supp. 2d 212, 216 (D.D.C. 2010)).  As the court explained in that case, "[b]ecause they have already shared their subscriber information with their ISPs in order to set up their Internet accounts, the Putative Defendants likewise have no reasonable expectation of privacy in the same information now sought in the subpoenas.  This information is therefore not privileged."  *Id.,* at 247-48.

Further, Defendant argues that to allow Comcast to answer Plaintiff's subpoena would involve a "severe burden of risking a significant reputational injury" for Defendant.  Motion, pg. 6. Although Doe No. 2 may eventually be named in the lawsuit, his fear of "embarrassment" should not block Plaintiff from obtaining his identity at this stage.  The present case involves a mainstream movie, *The Cobbler,* a comedy-drama film directed by Thomas McCarthy, which stars Adam Sandler, Ellen Barkin, Steve Buscemi and Dustin Hoffman, among others.  Complaint, Dkt. 1, ¶2.  Unlike *VPR Internationale v. Does 1-1017*, No. 2:11-CV-02068, (C.D. Ill. April 29, 2011), the case cited by Defendant [Motion, pgs. 4-5], this case does not involve pornographic content.

5

*The Cobbler* is not a film whose downloading would cause embarrassment or humiliation to any of the Doe Defendants. Accordingly, no undue coercion of settlement due to the nature of the film is implicated in this case, and it should have no bearing on whether Comcast answers Plaintiff's subpoena. Finally, it should be recognized that *all* defendants in *all* lawsuits face some reputational risk. That, however, is not a reason to quash a subpoena and prevent Plaintiff from bringing its valid claim against Defendant.

Finally, Defendant's allegations that this litigation is an "unjustified fishing expedition" [Motion, pg. 6], involves Does who were "randomly and arbitrarily chosen" [*id.*, pg. 3], and "nearly 1/3 of Plaintiff's Complaint is a complete guess" [*id.*] are not only clearly contravened by the record, but also simply are not true. As set forth in Plaintiff's discovery motion and the associated Declaration of Daniel Macek, Plaintiff has gone to considerable effort to identify the specific acts of infringement Defendants cooperatively undertook by participating in the same BitTorrent swarm and downloading Plaintiff's movie from a single seed file, along with verifying information about the infringing acts, all of which has been presented to the Court. *See* Plaintiff's Memorandum in Support of Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (Dkt. No. 8) at 4-7; Macek Decl. (Dkt. No. 8-1). Plaintiff also has confirmed that each of the 25 Doe Defendants' IP addresses are located within this District. Complaint ¶¶ 6-8; Ex. B to Complaint (IP addresses and locations of Does 1-25). In short, Plaintiff has undertaken the appropriate investigation to tie the Doe Defendants here to the infringement at issue in this litigation.

Despite Defendant's unsupported assertions, there is no evidence that this lawsuit is a "fishing expedition" or other abuse of the legal process. Instead, Plaintiff has brought narrow, factually-supported claims to enforce its valid copyright, against properly joined defendants, over

6

whom the Court has jurisdiction.

Because Defendant does not, and moreover cannot, show that the subpoena at issue falls into one of the categories outlined by Rule 45(d)(3)(A), Defendant has provided no justifiable basis to quash Plaintiff's subpoena and the Motion should be denied.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant John Doe #2's Motion to Quash Subpoena [Dkt. No. 13] filed by Doe No. 2 in this matter.

Date: December 21, 2015       Respectfully submitted,

COBBLER NEVADA, LLC

By:    s/ Michael A. Hierl
       Michael A. Hierl (Bar No. 3128021)
       Todd S. Parkhurst (Bar No. 2145456)
       Hughes Socol Piers Resnick & Dym, Ltd.
       Three First National Plaza
       70 W. Madison Street, Suite 4000
       Chicago, Illinois 60602
       (312) 580-0100 Telephone

       Attorneys for Plaintiff
       Cobbler Nevada, LLC

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Plaintiff's Response to Motion of Doe No. 2 to Quash Subpoena was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system on December 21, 2015.

          s/Michael A. Hierl